12-3361-bk
Coreth v. Barclays Capital Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of March, two thousand thirteen.

Present:
   PETER W. HALL,
   DEBRA ANN LIVINGSTON,
   CHRISTOPHER F. DRONEY,

   *Circuit Judges.*

_____

IN RE: LEHMAN BROTHERS HOLDINGS INC.,

   *Debtor.*

_____

MAXIMILIAN CORETH,

   *Appellant*,

   v.                                                        12-3361-bk

BARCLAYS CAPITAL INC.,

   *Appellee*.

_____

1

FOR APPELLANT:         JONATHAN D. WARNER (George Philip Birnbaum, Law Offices of
                       George Birnbaum, PLLC, New York, NY, *on the brief*), Warner &
                       Scheuerman, New York, NY.

FOR APPELLEE:          THEODORE O. ROGERS, JR., Sullivan & Cromwell LLP, New York,
                       NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Koeltl, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Appellant Maximilian Coreth appeals from an Order of the United States District Court for the Southern District of New York (Koeltl, *J.*) entered on July 26, 2012, affirming an Order of the United States Bankruptcy Court for the Southern District of New York (Peck, *J.*) entered on March 8, 2011, dismissing pursuant to Fed. R. Civ. P. 12(b)(6) Coreth's adversary complaint asserting a claim for breach of contract. We assume the parties' familiarity with the facts and procedural history of this case.

We conduct an "independent and plenary" review of a district court's affirmation of a bankruptcy court order. *In re Caldor Corp.*, 303 F.3d 161, 166 (2d Cir. 2002) (internal quotation marks omitted). Under such review, we accept the bankruptcy court's factual findings, if any, unless clearly erroneous, and review its conclusions of law *de novo*. *In re Ades & Berg Grp. Investors*, 550 F.3d 240, 243 n.4 (2d Cir. 2008). We review *de novo* the court's dismissal of a complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 216 (2d Cir. 2004). On reviewing a dismissal pursuant to Rule 12(b)(6), we may consider exhibits to a complaint as a part thereof. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002).

2

The district court found that Coreth lacked standing to assert his rights under the Asset Purchase Agreement ("APA"),[1] under which Barclays Capital Inc. ("Barclays") and Lehman Brothers Holdings Inc. ("Lehman") agreed that Barclays would purchase assets and assume certain liabilities of Lehman following Lehman's voluntary filing for bankruptcy protection. Coreth was not a signatory to the APA. Section 13.9 (the "negating clause") of the APA precludes third parties from asserting any rights under the APA. This section provides as follows:

> This Agreement shall be binding upon and inure to the benefit of the parties and their respective successors and permitted assigns. *Nothing in this Agreement shall create or be deemed to create any third party beneficiary rights in any Person or entity not a party to this Agreement except as provided below.* No assignment of this Agreement or of any rights or obligations hereunder may be made by either [Lehman] or [Barclays] . . . without the prior written consent of the other parties hereto . . . , provided that [Barclays] shall be entitled to assign its rights and obligations in whole or in part to its Affiliates or to designate its rights to acquire any assets hereunder to its Affiliates. No assignment of any obligations hereunder shall relieve the parties hereto of any such obligations. Upon any such permitted assignment, the references in this Agreement to [Barclays] shall also apply to any such assignee unless the context otherwise requires.

Joint Appendix, at 69 (emphasis added).

Coreth makes two principal arguments on appeal. First, he contends that the clause "except as provided below," which creates an exception to the negating clause, is ambiguous as a matter of law and therefore the district court erred in dismissing the complaint pursuant to Rule 12(b)(6). *See Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 178 (2d Cir. 2004) (noting that a court generally may not dismiss a claim predicated on an ambiguous contract term). Insofar as Coreth argues that he falls within the exception to the negating clause, that argument was not raised below, and we therefore decline to consider it on appeal. *See Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2004) (noting the "well-

---

[1] The APA was attached to Coreth's adversary complaint as Exhibit B.

established general rule that an appellate court will not consider an issue raised for the first time on appeal" (internal quotation marks omitted)).

To the extent that Coreth relies on *Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC*, 692 F.3d 42 (2d Cir. 2012), to support his argument that the exception to the negating clause is ambiguous as a matter of law, we also decline to consider this argument.[2]  Even assuming that the clause "except as provided below" is ambiguous and can reasonably be construed as applying either to the APA in its entirety or to section 13.9 only, Coreth failed to argue before the bankruptcy court and district court that he falls within that exception.  *See Lerner*, 416 F.3d at 114.  Even if we were to agree with his contention that the exception is ambiguous, therefore, the fact remains that Coreth cannot claim the benefit of that exception, and the negating clause precludes his third-party beneficiary status.  *See India.com, Inc. v. Dalal*, 412 F.3d 315, 321 (2d Cir. 2005) ("Under New York law, the effectiveness of a negating clause to preclude third-party beneficiary status is well-established . . . .").

Second, Coreth argues that "triable issues of fact" exist as to whether unpaid bonus payments totaling $19.6 million constitute "severance payments" such that Barclays is obligated to pay him pursuant to Article IX of the APA.  This argument is wholly dependent on a determination that Coreth has standing to assert third-party beneficiary rights under the APA.  Given our determination that Coreth lacks such standing, we need not address this argument.

We have considered all of Coreth's remaining arguments and find them to be without merit.  The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] We recognize that *Bayerische Landesbank* was decided in August 2012, after the district court issued its July 2012 Order dismissing Coreth's complaint.

4